1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11
12
13
14

| | |
|---|---|
| 15 MANUEL OLLARSBA, | ) CV 14-0025-SH |
| 16 | ) MEMORANDUM DECISION |
| Plaintiff, | ) AND ORDER |
| 17 v. | ) |
| 18 CAROLYN W. COLVIN, Commissioner, | ) |
| Social Security Administration, | ) |
| 19 | ) |
| Defendant. | ) |
| 20 _____ | ) |

21      This matter is before the Court for review of the Decision by the

22 Commissioner of Social Security denying plaintiff's applications for Disability

23 Insurance Benefits and social security income. Pursuant to 28 U.S.C. §636(c),

24 the parties have consented that the case may be handled by the undersigned. The

25 action arises under 42 U.S.C. §405(g), which authorizes the Court to enter

26 Judgment upon the pleadings and transcript of the record before the

27 Commissioner. The parties have filed their pleadings and their respective briefs

28 in support of those pleadings. The defendant has also filed the certified

1

Administrative Record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be affirmed.

## I. <u>BACKGROUND</u>

On October 21, 2010, the Plaintiff Manuel Ollarsaba filed an application for Disability Insurance Benefits under Title II of the Social Security Act. He also protectively filed a concomitant Title XVI application for supplemental security income. In both applications, plaintiff alleged disability beginning June 6, 2006. (<u>See</u> Administrative Record ["AR"] 19; 140-152). The Commissioner initially denied both applications on April 5, 2011. Thereafter, plaintiff filed a written request for hearing on August 25, 2011. On July 19, 2012, plaintiff appeared and testified at a hearing in Moreno Valley, California. (<u>See</u> AR 19).

The Administrative Law Judge ("ALJ") issued an Unfavorable Decision, finding that plaintiff was not disabled and was capable of performing his past relevant work in light of the residual functional capacity assessment. (<u>See</u> AR 19-30). Plaintiff sought review of the Unfavorable Decision to the Appeals Council, but the Appeals Council denied the request for review. (<u>See</u> AR 1-4).

Plaintiff challenges the ALJ's Decision. Specifically, he alleges that the ALJ erred by rejecting medical evidence from plaintiff's examining physician, Dr. Alexis Meshi, without satisfying the legal standard for rejecting such evidence. It is worth note that the ALJ did not "reject" Dr. Meshi's opinion; rather, the ALJ gave "some" weight to it, but gave greater weight to the non-examining medical consultant. Based on the totality of the record, the Court concludes that the ALJ did not err in affording greater weight to the non-examining medical consultant.

///

///

///

## II.  <u>DISCUSSION</u>

It is well settled that an examining physician's opinion is entitled to greater weight than that of a non-examining physician. <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995), citing <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990) and <u>Gallant v. Heckler</u>, 753 F.2d 1450 (9th Cir. 1984). As is the case with the opinion of a treating physician, the opinion of an examining physician, if contradicted by non-examining physician, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. <u>See</u> <u>Lester</u>, 81 F.3d at 830-831, citing <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995). The weight given to a non-examining physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 404.1527 (2004). The opinion of a non-examining physician alone does not constitute substantial evidence that justifies rejection of an examining physician's testimony. <u>See</u> <u>Pitzer</u>, 908 F.2d at 506 n. 4; <u>Gallant</u>, <u>supra</u> 753 F.2d at 1456.

On March 8, 2011, plaintiff underwent a consultative psychiatric evaluation performed by examining physician, Dr. Alexis Meshi. The ALJ's findings concerning Dr. Meshi's evaluations in relevant part were as follows:

> During the mental status examination, [plaintiff] reported feeling "moody," but there were no remarkable findings (Ex. 5F, p. 3). He incorrectly stated the capital of California and he recalled three out of three objects . . . but there were no significant concentration deficits evident on examination. Dr. Meshi diagnosed bipolar disorder versus schizoaffective disorder. She assessed claimant with a Global Assessment Functioning (GAF) score of 50-55, indicating moderate symptoms, and noted that the claimant was fairly groomed and seemed capable of taking care of his own needs (Ex. 5F, p. 4). Dr. Meshi opined that the claimant could focus attention adequately, follow one- [sic] and two-part instructions, remember and complete simple tasks, and get along with others . . . I have given some weight to the opinion of . . . Dr. Meshi (Ex. 5F). The mental status examination by Dr. Meshi was generally unremarkable . . . Furthermore, although Dr. Meshi stated that the mental status examination revealed some psychotic symptoms and auditory hallucinations, that conclusion was based entirely on the claimant's subjective

complaints and report, since there was a lack of positive findings from Dr. Meshi's . . . examination.

(See AR 27, 28).

In giving greater weight to the non-examining psychological medical consultant, the ALJ stated the following:

> I give significant weight . . . to the opinions of the psychological medical consultant who opined that the claimant is capable of understanding, remembering, and carrying out simple one to two step (unskilled) tasks (Exs. 6F and 7F). The medical consultant opined that the claimant is able to maintain concentration, persistence and pace throughout a normal workday/workweek as related to simple tasks, but that he is moderately limited in the ability to carry out detailed instructions. Further, the claimant is able to interact adequately with coworkers and supervisors but may have difficulty dealing with the demands of general public contact, and he is able to make adjustments and avoid hazards in the workplace. The medical consultant opined that the claimant appears capable of unskilled work with limited public contact . . . these opinions are reasonable and supported by the record as a whole and the limitations included in the residual functional capacity herein reasonably accommodates [sic] the claimant's subjective complaints of mood disturbances and auditory hallucinations.

(See AR 28).

Based on the above, plaintiff's argument—namely, that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Meshi's opinion—is without merit. The ALJ's reasons could not be clearer: Dr. Meshi's opinion is inconsistent with the totality of the objective medical evidence, and finds its only support in plaintiff's subjective complaints.

Plaintiff's subjective testimony is also inconsistent with the totality of the objective medical evidence, hence its limited probative value. For example, plaintiff claimed that he can lift 25 pounds and sit for one hour. (See AR 24). He reported that he walks and does "some" exercise twice per week. He can manage his personal care, prepare some meals, ride in a car, use public transportation, and shop in stores. (See AR 25). Nevertheless, as the ALJ pointed out, the evidence suggests that plaintiff attempted to minimize his daily activities: "[h]e

4

testified that he does not do much other than sit and watch television; however, he told the psychiatric consultative examiner that household chores, cooking, cleaning, and shopping are shared between him, his mother, and her friend . . ." (See AR 26). Plaintiff also acknowledged in his Function Report that he "could still do everything", but that he "just feel[s] less motivated." (See AR 26, 211).

Lastly, plaintiff made inconsistent statements regarding the date of his last drug use: he reported on one occasion that his last drug use was in 2006 (See AR 314), and he later switched this date to 2004 on another occasion (See AR 290). Once more, in March 2012, he reported that he last used drugs 16 years ago. (See AR 511). When considering these inconsistencies alongside the fact that plaintiff has continued to use alcohol despite his physician's recommendation that he abstain from such use, plaintiff's disability claim and his overall credibility seem dubious.

The totality of the evidence also makes clear that plaintiff is capable of engaging in substantial gainful activity when he is taking his medication. When he sought care at Soboba Indian Health on June 7, 2010 with complaints of feeling anxious and jittery, he admitted to drinking three to four cans of Monster energy drink per day and a six-pack of beer three to four times per week. Plaintiff's physical examination was unremarkable and "he was alert and oriented times three." (See AR 27). He "flatly refused" to visit behavioral health services upon recommendation that he do so.

In March 2009, plaintiff reported having episodes of mania, depression, auditory hallucinations, and paranoia. Mental evaluation notes taken on that same day, however, indicate that plaintiff refused psychiatric medications and that he was not on any medication at the time of this incident. In fact, plaintiff was not taking his medication at any of the times during which his various mental health-related events occurred.

The objective medical evidence conveys the following: firstly, prescribed medications have been relatively effective in controlling plaintiff's symptoms when he is compliant with the medications. See Warre v. Commissioner of Social Sec. Admin, 439 F. 3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for purpose of determining eligibility for SSI benefits.") For example, hospital records from plaintiff's January 20, 2011 visit to Riverside Mental Health show that he took Risperidone and responded well to treatment. (See AR 424). He stated, "I just need my medication, I don't need to be here." (See AR 433). Secondly, notwithstanding the apparent efficacy of plaintiff's medications, he has repeatedly failed to take them as per his prescription. Such failure to comply demonstrates plaintiff's unwillingness to do what is necessary to improve his condition, especially in light of his refusal to abstain from drinking alcohol and his refusal to visit behavioral health services despite recommendations that he do both of those things. As the ALJ aptly stated, plaintiff's "failure to follow prescribed treatment without a good reason, particularly where it is demonstrated that the medications are effective in controlling [plaintiff's] moods and manic episodes, is a consideration for finding [plaintiff] is not disabled." (See AR 25-26). This alone is a specific and legitimate reason offered by the ALJ in his rejection of Dr. Meshi's opinion that plaintiff is disabled.

Finally, the most recent medical evidence supports the conclusion that plaintiff is not disabled. In March 2011, plaintiff was seen for medication refills and reported that he was "doing okay." (See AR 410-412). Treatment notes show that plaintiff was seeking refills of his medication on a monthly basis from December 2011 through April 2012; his mental status examination was within normal limits and he denied having hallucinations. Once again, he reported to be happy with his medications and only needed refills. (See AR 498-512). All of this contradicts Dr. Meshi's opinion and supports the ALJ's greater reliance on

the non-examining psychological medical consultant. Though a non-examining physician's opinion alone is insufficient to reject an examining physician's testimony, the ALJ relied on much more than that, including the inconsistencies in plaintiff's testimony and his failure to take reasonable measures to help himself.

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's Decision to determine if: (1) the ALJ's findings are supported by substantial evidence; and (2) the ALJ used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). This Court cannot disturb the ALJ's findings if they are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974). Since the ALJ's findings are supported by substantial evidence in the present case, his credibility findings must be given deference. Accordingly, the Court finds that the ALJ satisfied the relevant legal standards and did not commit a reversible error in giving little weight to Dr. Meshi's testimony.

## **ORDER**

For the foregoing reasons, the Decision of the Commissioner is affirmed and the Complaint is dismissed.

Dated  October 27, 2014

_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

7